# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SCOTT BEASLEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 15-CV-250-TCK-FHM |
| ) | |
| AZZ, Inc. d/b/a AZZ Galvanizing, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Leave to Amend Petition ("Motion to Amend") (Doc. 15) and Plaintiffs' Motion to Remand to State Court (Doc. 16), both of which were filed on June 5, 2015.

**I.     Background**

In a prior proceeding filed in August 2013 in Rogers County District Court, Plaintiffs sued AZZ, Inc. d/b/a AZZ Galvanizing ("AZZ"). Plaintiffs alleged that AZZ's galvanizing plant located in Chelsea, Oklahoma, emits dust causing personal and property damage to Plaintiffs. AZZ removed to this Court based upon diversity jurisdiction, and it was assigned Case No. 13-CV-640-TCK ("13-CV-640"). In November 2013, the parties conducted a Rule 26(f) discovery conference during which AZZ's counsel informed Plaintiffs' counsel that an AZZ subsidiary known as "AAA-Galvanizing -- Chelsea, Inc." owned and operated the subject galvanizing plant. On December 2, 2013, the parties filed a Joint Status Report, wherein Plaintiffs stated that "AZZ Incorporated and/or AAA Galvanizing -- Chelsea, Inc. are legally responsible for [Plaintiffs'] damages." Plaintiffs questioned the Court's jurisdiction, stating that "[it] appears a properly named Defendant in this suit is AAA Galvanizing – Chelsea, Inc., which is a business with its principal place of business in Oklahoma." Plaintiffs further stated that they anticipated "filing a motion to amend [the] petition

[and] a motion to remand the case to back to state court." (13-CV-640, Doc. 10.) Prior to amendment or other developments in the case, the parties filed a Stipulation of Dismissal on March 27, 2014, closing 13-CV-640.

On March 13, 2015, "AAA-Galvanizing -- Chelsea, Inc." filed papers with the State of Oklahoma that converted the corporation to "AAA Galvanizing -- Chelsea, LLC," a limited liability company. On March 26, 2015, Plaintiffs filed the instant action in Rogers County District Court naming only AZZ and making the same allegations that were previously made in 13-CV-640. AZZ again removed the action based upon diversity jurisdiction. On June 5, 2015, the Court entered a Scheduling Order and set a July 6, 2015 deadline for motions to join or amend.

On June 5, 2015, Plaintiffs filed the Motion to Amend and Motion to Remand currently pending. In the Motion to Amend, Plaintiff seeks to add Defendant AAA Galvanizing -- Chelsea, LLC ("AAA Chelsea") as a Defendant.[1] As reason for the amendment, Plaintiffs argue that "a claim has been made by Defendant through its legal counsel that the galvanizing facility whose acts and omissions are in question . . . is actually owned and operated by" AAA Chelsea. In the Motion to Remand, Plaintiffs assume the Court will grant the Motion to Amend and seek remand on grounds that the addition of AAA Chelsea destroys diversity of citizenship because it is an Oklahoma corporation.

AZZ opposes adding AAA Chelsea as a party to the litigation on two substantive grounds: (1) the motion is untimely because Plaintiff knew about AAA Chelsea when it refiled suit in Rogers County and made a tactical decision not to name AAA Chelsea as a Defendant; and (2) the motion

---

[1] Contrary to AZZ's argument, the Court finds it clear that Plaintiffs seek to add AAA Chelsea rather than substitute AAA Chelsea for AZZ. In the motion, Plaintiffs stated they sought amendment to "add a Defendant." (Mot. to Amend 1.)

2

is futile because any claims against AAA Chelsea are untimely and do not relate back to the Complaint. With respect to remand, AZZ opposes adding AAA Chelsea as a Defendant but alternatively contends that this would not destroy diversity because AAA Chelsea is a citizen of Texas.[2]

## II. Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a court should "freely give leave [to amend] when justice so requires." District courts have wide discretion to allow amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). District courts generally deny leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City, and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation omitted). Under Tenth Circuit law, "untimeliness alone is an adequate reason to refuse leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (internal citations omitted). Where the party seeking amendment "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* at 1366.

The Joint Status Report filed in 13-CV-640 reveals that Plaintiffs were aware of AAA Chelsea and that it owned the subject galvanizing plant at least by December 2013. Despite this knowledge, Plaintiffs elected not to name AAA Chelsea as a Defendant when it refiled this suit.

---

[2] The Court decides the Motion to Amend on untimeliness and does not reach the issue of futility or relation back. The Court also does not reach the issue of AAA Chelsea's citizenship.

3

Under these circumstances, the Court finds Plaintiffs' motion to amend untimely. Defendants disclosed the existence of this entity well before the filing of this action. Plaintiffs were therefore aware of the implications of naming or not naming AAA Chelsea when it refiled suit and elected not to name that entity as a Defendant. The Court finds no justification for Plaintiffs' failure to name AAA Chelsea in the Petition filed on March 26, 2015 and no justification for waiting until one month after removal to seek amendment. Further, Plaintiffs failed to file any reply brief or offer any explanation or justification for these failures. This is a unique circumstance in which the motion was filed by the scheduling order deadline but is nonetheless an untimely attempt at amendment.

**III. Conclusion**

Plaintiff's Motion for Leave to Amend Petition ("Motion to Amend") (Doc. 15) is DENIED, and Plaintiff's Motion to Remand to State Court (Doc. 16) is DENIED, as it was premised upon the addition of AAA Chelsea as a Defendant.

**IT IS SO ORDERED** this 6th day of October, 2015.

_____
**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**