**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SCOTT BEASLEY, et al.,              ) | |
|                                                           ) | |
|                 Plaintiffs,        ) | |
| v.                                                        ) | Case No.  15-CV-250-TCK-PJC |
|                                                           ) | |
| AZZ, Inc. d/b/a AZZ Galvanizing,   ) | |
|                                                           ) | |
|                 Defendant.      ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff C&D Investment Properties, LLC's Motion for Relief from Judgment (Doc. 63) ("Motion for Relief").  Defendant objects to the motion.

**I.     Background**

On June 19, 2015, Defendant moved for summary judgment against Plaintiff C&D Investment Properties, LLC ("C&D") on grounds that it failed to file an annual certificate with the State of Oklahoma, failed to pay the annual certificate fee, was not an active Oklahoma limited liability company, and therefore lacked capacity to sue.  Due to inadvertence, Plaintiffs' counsel was not aware of the motion and missed the response deadline.  In late July 2015, Plaintiff's counsel first realized that Defendant sought judgment against C&D.  Plaintiff's counsel was not concerned about the summary judgment motion because C&D's owners, Dean and Cheri Lewis, are also individual plaintiffs and seek identical relief.  Out of an abundance of caution, however, Plaintiff's counsel advised Mrs. Lewis to pay the $25.00 annual fee and to reinstate C&D as a limited liability company.

On August 15, 2015, C&D's LLC was reinstated.  Plaintiff's counsel never filed a response or otherwise informed the Court of the reinstatement.  On August 27, 2015, Plaintiff sent proof of reinstatement to Defendant's counsel.  Defendant also never informed the Court of the changed circumstances.

On October 6, 2015, the Court granted Defendant's unopposed motion for summary judgment, reasoning:

> Based on undisputed evidence, Defendant has shown that Plaintiff C&D Investment Properties, LLC ("C&D") failed to file an annual certificate with the State of Oklahoma, failed to pay the annual certificate fee, and is no longer an active Oklahoma limited liability company. *See* Okla. Stat. tit. 18, § 2055.2(D) (failing to file certificate and pay fee results in LLC ceasing to be in good standing). As an LLC that has ceased to be in good standing, C&D lacks capacity to sue under Oklahoma law. *See* Okla. Stat. tit. 18, § 2055.2(F). C&D therefore lacks capacity to sue under Federal Rule of Civil Procedure 17(b)(3) (capacity to sue limited liability companies governed by state law).

(Doc. 37.) Because neither party informed the Court of the change in circumstances, the Court's order was factually erroneous.

On December 29, 2015, C&D filed the Motion for Relief, which became ripe on February 12, 2016. In January and February of 2016, Defendant deposed Dean and Cheri Lewis. In January 2016, Defendant filed a lengthy objection and outlined Plaintiff's dilatory conduct in failing to respond to the motion for summary judgment, failing to inform the Court of the reinstatement, and waiting until the close of discovery to seek relief from judgment. Plaintiff filed a thorough reply in which Plaintiff's counsel cites his own neglect and asks the Court not to punish his client.

**II.    Analysis**

In relevant part, Federal Rule of Civil Procedure 60(b) provides:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> . . .
> (6) any other reason that justifies relief.

Relief is warranted under Rule 60(b) "only in exceptional circumstances," and it is more difficult to obtain relief from a post-judgment motion than on direct appeal. *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011).

The Court grants relief from judgment under Rule 60(b)(1) in order to correct a substantive mistake of fact made by the Court at the time it entered its Order -- namely, that C&D was not an active Oklahoma company. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (explaining that Rule 60(b)(1) provides for the reconsideration of judgments "where the judge has made a substantive mistake of law or fact in the final judgment or order"). It was not the Court's lack of diligence that led to this factual error. It was Plaintiff's counsel's decision not to inform the Court of reinstatement because he did not deem it important. Nonetheless, the Court finds granting relief serves the interest of justice for three reasons. First, the Court's statement was factually erroneous *when made*. At the time of the ruling, C&D did in fact have the capacity to sue under Oklahoma law. The Court generally does not allow known factual errors to remain in its Orders. Second, Oklahoma law arising in other similar contexts indicates that "capacity to sue" need not exist when suit is filed. *See J.D. Simmons Inc. v. Alliance Corp.*, 79 F.R.D. 547, 548 (W.D. Okla. 1978) ("[T]he revival of the corporate charter of corporate Plaintiffs has been held sufficient to allow the maintenance of suit on an action arising before reinstatement.") (applying Oklahoma law); *Flour Mills of Am., Inc. v. Pace*, 75 F.R.D. 676, 679 (E.D. Okla. 1977) ("This act of reinstating the Plaintiff's right to do business in Oklahoma relates back to the date of the suspension of Plaintiff are restores it to all its former powers, including the right to maintain this action."). While these cases do not expressly reference title 18, section 2055.2 of the Oklahoma Statutes, the same reasoning would seem to apply.

Finally, Defendant has failed to show how it will suffer prejudice if the Court grants relief. Dean and Cheri Lewis are the sole owners of C&D. They have been deposed and answered discovery. If Defendant did somehow plan its litigation strategy around C&D's absence, this was a risky decision given its knowledge of C&D's reinstatement back in August 2015. Plaintiff's conduct is entirely inexcusable; however, Plaintiff admitted his lack of diligence and now seeks to

3

protect his clients from the possibility of not being able to obtain a judgment. The Court finds the circumstances warrant relief from judgment under Rule 60(b)(1).

### III. Conclusion

Plaintiff's Motion for Relief (Doc. 63) is GRANTED. The Court's Opinion and Order granting judgment against C&D (Doc. 38) is VACATED. C&D is hereby reinstated as a Plaintiff to the lawsuit.

**IT IS SO ORDERED** this 5th day of April, 2016.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE